Sam GYE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1281S362.

Supreme Court of Indiana.

Nov. 10, 1982.

P. Jeffrey Schlesinger, Rivera, Schlesinger & de la Torre, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Second Degree Murder, Ind.Code § 35–1–54–1 (Burns 1975) and was sentenced to an indeterminate sentence of from fifteen (15) to twenty-five (25) years imprisonment.

At about 10:30 p.m. on January 27, 1977, David Cooke was driving his tow-truck on Interstate 80 when an automobile immediately ahead of him veered off into a snow bank. Cooke stopped his truck and approached the driver's side of the automobile. The window opened a few inches and Cooke saw, by the illumination of the dome light, a male kneeling on the front seat and facing the back seat. This male, identified at trial as the defendant, had his left hand raised in a fist and his right hand resting on the back of the front seat. Defendant responded affirmatively to Cooke's question about whether he wanted his automobile removed from the snow. Cooke also saw a woman lying on the back seat and heard her say "help me, he's trying to kill me."

As Cooke began to tow the car out of the snow bank, this woman left the car and started to run towards a nearby highway entrance ramp. Defendant ran after her and finally caught up to her as she stopped an automobile on the ramp and struggled to gain admission. Defendant pushed the woman into this automobile and told Masedino Vasquez, the driver, to "get her to a hospital right away." The defendant then disappeared without returning to his vehicle.

Vasquez drove to Methodist Hospital in Gary. While driving, he noticed that his passenger was bleeding and was breathing heavily. He asked her what had happened and she responded that her husband had tried to kill her with an ice pick. She did not say when this attempt had taken place and added her thanks to Vasquez for "saving my life." She repeated this "thanks" periodically during the thirty-five to forty-five minute trip, and also repeatedly asked Vasquez to hurry to the hospital.

At the hospital emergency room, Dr. William Mott asked the victim what had happened. She responded that she had been in a fight with her husband, Sam (defendant). She was calm and coherent during treatment but repeatedly asked "Am I going to die?" The victim expired about thirty-five minutes after her arrival at the hospital. A pathologist testified that the cause of death was a massive internal hemorrhage resulting from multiple (approximately 50) stab wounds to her left chest.

This belated direct appeal presents three issues, all of which are challenges to the admission into evidence of statements made by the decedent, over timely objections that they were inadmissible hearsay.

The rule permitting a spontaneous declaration to be admitted into evidence, as an exception to the hearsay rule, is based upon the rationale that such a declaration from one who has recently suffered an overpowering experience is likely to be truthful. Such evidence is limited to decla-

rations created by, or emanating from the litigated act, and near in time thereto so as to exclude the possibility that they were the product of premeditation or design. The length of elapsed time between when the declarations were uttered and when the occurrence took place is only one element to be considered in determining their spontaneity. Similarly, that the statements were made in response to inquiries is also only one factor to be considered. *See* McCormick, Evidence § 297 (2d Ed., 1972), *Walker v. State,* (1976) 265 Ind. 8, 349 N.E.2d 161.

Defendant contends that since there was no proof as to when the wounds were inflicted, there was no evidence that the decedent's statements were made either immediately after the stabbings had taken place, or under the uncontrolled domination of the event. However, decedent's statements to Cooke were apparently made either while Defendant was assaulting her or had just completed the act. All indications are that the event was speaking through the victim, hence the statement was admissible, as an excited utterance. Similarly, decedent's statements to witness Vasquez were excited utterances made immediately after escaping from her assailant. They were coupled with decedent's awareness of the seriousness of her wounds and the pain they caused her to suffer.

Decedent's statements to Dr. Mott were admitted as excited utterances, notwithstanding that they were made sometime after the assault and subsequent to her escape. Her condition rapidly deteriorated at the hospital and decedent constantly asked if she were going to die. The facts and circumstances demonstrate that the excitement from decedent's injuries and attendant pain, continued and controlled her thoughts and actions from the moment that the wounds were inflicted until she expired. Whether a statement is to be admitted as an excited utterance is a matter within the discretion of the trial judge, *Walker, supra,* and here we find no abuse of that discretion.

Furthermore, in his motion to correct errors, Defendant assigned only the admission of decedent's statements to Dr. Mott. Accordingly, any error, if any, in the admission of the statements made to witnesses Cooke and Vasquez is not available for review. *Finch v. State,* (1975) 264 Ind. 48, 338 N.E.2d 629. Consequently, error, if any, in admitting the statements to witness Mott was harmless, its being only cumulative of the first two statements.

Defendant also challenges the sufficiency of evidence of the identity of decedent's assailant but does so on the premise that the hearsay evidence hereinbefore noted was inadmissible. In view of our determination of such alleged error contrary to Defendant's position, this challenge is without foundation.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.