Milton ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 583S179.

Supreme Court of Indiana.

Dec. 7, 1984.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder and Felony Murder. He was sentenced to fifty-five (55) years of imprisonment.

The facts are: The victim, Lucille Gray, was walking on a sidewalk in Gary, Indiana. Two men approached her and attempted to take her purse. The three struggled over the purse. Gray was pushed into an alley where the struggle continued. She emerged from the alley with blood on her body. She told witnesses that the two men had taken her purse. One witness called an ambulance and the victim was taken to a hospital. She died later of a knife wound to her side which caused internal bleeding.

Appellant argues there was a lack of probative evidence to a material element of the crime. He asserts there was no evidence to show he actually stabbed the victim. He testified a co-defendant, Terry, actually stabbed the victim. Additionally, he testified he attempted to save the life of the victim by restraining Terry.

This Court does not reweigh the evidence nor judge the credibility of witnesses. *Sta-*

*ton v. State,* (1981) Ind., 428 N.E.2d 1203; *Rowan v. State,* (1982) Ind., 431 N.E.2d 805.

■ In the case at bar, three eyewitnesses to the events testified. They all had identified appellant on the night of the incident and again at trial. All three viewed appellant as he attempted to take the victim's purse. One witness saw appellant with a knife in his hand during the struggle. The other two witnesses testified appellant was making slashing motions with an object in his hand. One testified the object was a knife. The other testified that the object flashed as appellant made motions with it. Appellant was arrested a short time later near the scene of the crime. He had in his possession a knife which had human blood stains on it. Appellant admitted the knife belonged to him. We hold this evidence was sufficient to support the verdict.

■ Appellant next argues the trial court erred when it permitted the eyewitnesses to testify the victim told them that two men had taken her purse. Appellant contends correctly, that under the facts of this case, this was not a dying declaration which would have been admissible as an exception to the hearsay rule. Although the victim did eventually die, this fact alone does not permit all out-of-court declarations of the victim related to the homicide to be admitted under the exception. The declaration must be made by a person who knew death was imminent and had abandoned all hope of recovery. *Dean v. State,* (1982) Ind., 432 N.E.2d 40.

In the case at bar, the victim stated to onlookers that she was all right and did not need an ambulance. Thus the statements did not fall within the requirements of the dying declaration exception. However, the statements do fall within another exception to the hearsay rule, the excited utterance exception. This Court has said:

> "The rule permitting a spontaneous declaration to be admitted into evidence, as an exception to the hearsay rule, is based upon the rationale that such a declaration from one who has recently

suffered an overpowering experience is likely to be truthful. Such evidence is limited to declarations created by, or emanating from the litigated act, and near in time thereto so as to exclude the possibility that they were the product of premeditation or design. The length of elapsed time between when the declarations were uttered and when the occurrence took place is only one element to be considered in determining their spontaneity. Similarly, that the statements were made in response to inquiries is also only one factor to be considered." *Gye v. State,* (1982) Ind., 441 N.E.2d 436, 437.

The statement provided by Gray fits clearly within this exception as outlined in *Gye.* The court did not err in the admission of this testimony.

Appellant contends the trial court erred when it granted a state motion in limine. The State sought to preclude the admission of evidence that the Gary Police had awarded appellant a commendation award for saving the life of a person prior to the murder of Gray.

Appellant contends this evidence would have improved his credibility before the trier of fact and had a significant impact on the jury's perception of his character for peace and quietude. Appellant also alleges the award may have been a significant factor in determining his general reputation in the community for those attributes.

■ Once a defendant's character is in issue, a defendant may introduce evidence to show his general reputation for truth and veracity. *State v. Perkins,* (1983) Ind. App., 444 N.E.2d 878. General community reputation can be used to demonstrate a defendant's propensity for peace and quiet. *Vaughn v. State,* (1978) 269 Ind. 142, 378 N.E.2d 859. As a general rule, specific acts of an individual are not competent evidence to show an individual's general reputation. *McFarland v. State,* (1979) 271 Ind. 105, 390 N.E.2d 989; *Vaughn, supra.* The evidence of the specific award was not competent evidence to demonstrate

appellant's general reputation. It was properly precluded.

We do not accept appellant's unsupported assertion that the evidence of the award should have been admitted as it may have been a basis for the testimony offered for his general reputation. This attempt to bootstrap the award into evidence would effectively permit evidence of any specific act to be introduced. This would circumvent the rationale of the rule. We will not permit that to occur.

The trial court is in all things affirmed.

All Justices concur.