Loretta **MITCHELL**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee.**

No. 48A02–9209–CR–434.

Court of Appeals of Indiana,
Second District.

Sept. 7, 1993.

John M. Blevins, Anderson, for appellant-defendant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Loretta Mitchell appeals the trial court's decision revoking her probation. Upon appeal, Mitchell presents two issues for our review, which we restate.

I.  Whether the State proved each element of the offense upon which the revocation of Mitchell's probation was grounded; and

II.  whether the trial court failed to consider Mitchell's psychiatric condition when it ordered that her previously suspended sentence be executed?

We affirm.

On January 9, 1992, the trial court entered judgment against Mitchell upon her plea of guilty to the crime of Battery,[1] a Class C felony. Mitchell was sentenced to three years imprisonment, with seventy days executed and the remainder suspended with probation. Mitchell was furnished with a written copy of the conditions of her probation, which included the requirement that she "obey all municipal, state, and federal laws, and ... behave well in society." Record at 104.

On April 24, 1992, Officer Frank Sigler of the Anderson Police Department responded to a call at the address at which Mitchell was living to investigate a reported battery. When he arrived, Officer Sigler was approached by Jimmy Pige,[2] who was standing in front of the house. Pige informed Officer Sigler that after he and Mitchell had argued, Mitchell stabbed him in the forearm with a fork. Officer Sigler observed that Pige had a puncture wound on his left forearm, that the wound appeared to be "fresh", and that it was "freshly" bleeding. Record at 117.

Officer Sigler entered Mitchell's house in order to question her about the incident. Inside, he discovered six or seven people, including Mitchell. Mitchell was "very intoxicated" and "really wasn't saying anything" in response to the officer's questions. Record at 118. Mitchell began yelling and screaming when Sigler informed her that he had sufficient information to arrest her for battery, whereupon he handcuffed her and placed her in his squad car. Once inside the car, Mitchell continued to yell and scream, and began to bang her head against the protective screen between the front and back seats. Officer Sigler was finally forced to remove her from the car in order to prevent her from injuring herself, and to call an ambulance to assist in transporting her.

On April 29, 1992, a Notice of Probation Violation was filed based upon the incident, charging that Mitchell had violated conditions of her probation by violating the laws of Indiana in committing battery upon Pige.

## I.  *Sufficiency*

Mitchell argues that the State failed to prove each element of the violation of which she was charged. Indiana Code 35–38–2–3(e) (Burns Code Ed.Supp.1992) requires that, in order to revoke probation based upon violation of conditions, the State must prove the violation by a preponderance of the evidence.

The State charged that Mitchell violated conditions of her probation in that she "did knowingly or intentionally touch Jimmy Pige in [a] rude, insolent, and angry manner, to-wit: by stabbing him in the left arm with a fork, causing injury to Jimmy Pige." Record at 31. Therefore, it was necessary for the State to prove by a preponderance of the evidence that, on April 24, 1992, Mitchell knowingly or intentionally touched Jimmy Pige in a rude, insolent, or angry manner. Of these elements, Mitchell specifically challenges the sufficiency of the

---

1.  I.C. 35–42–2–1 (Burns Code Ed.Supp.1992).

2.  The victim's name is spelled three different ways in the record: "Piggey", "Piggy", and "Pige". We opt for the spelling which appears on the Notice of Probation Violation, inasmuch as the other spellings are phonetic transcriptions of the name being spoken.

State's evidence that it was Mitchell who stabbed Pige.

At the revocation hearing, Mitchell admitted that she had argued with Pige on the day in question, and that she had consumed approximately one quart of beer, but denied stabbing him. Pige testified that, at the time of the revocation hearing, Mitchell had been his girlfriend for about three years, including the time of the altercation in question. He testified that he remembered arguing with Mitchell earlier that night, but did not remember what they were arguing about. He did recall being stabbed, but stated that he was so drunk at the time that he did not remember who stabbed him. He also stated that he did not remember, because of his intoxication, what type of instrument was used to stab him, although he testified that he remembered telling police upon their arrival at the scene that he had been stabbed by a fork. As earlier noted, Officer Sigler testified that when he arrived upon the scene he observed a puncture wound on Pige's forearm, and that Pige had reported that he had been stabbed with a fork by Mitchell following an argument. Sigler also testified that, when confronted at the scene, Mitchell was violent and uncooperative. Mitchell claims that, in light of her denial and Pige's apparent failure of memory, the above is insufficient to prove that she stabbed Pige.

■ Critical to Mitchell's argument is her contention that Sigler's testimony was inadmissible to prove that she was the one who stabbed Pige because it contained inadmissible hearsay. However, hearsay evidence which is otherwise inadmissible may be considered for substantive purposes when it is admitted into evidence without timely objection. *Banks v. State* (1991) Ind., 567 N.E.2d 1126. Such evidence is sufficient to establish a material fact in issue. *Id.* Failure to offer a timely objection when the evidence is introduced waives the error upon appeal. *Id.* In the instant case, Mitchell's counsel did not object to the prosecuting attorney's questions. Therefore, the argument was waived.[3] The evidence was sufficient to prove by a preponderance that Mitchell stabbed Pige.

## II. *Mitchell's Psychiatric Condition*

■ Mitchell contends that the trial court erred in executing the previously suspended sentence because it "failed to consider the psychiatric condition of the defendant." Brief of Appellant at 12. The court's duty to evaluate Mitchell's mental state arose, according to Mitchell, because the record "was replete with evidence that further investigation into the mental state and the emotional needs of the Defendant should have been exercised". Brief of Appellant at 12.

■ Mitchell offers no authority for the proposition that a trial court must balance aggravating and mitigating circumstances when considering sentencing upon a finding of probation violation, and we find none. Rather, I.C. 35–38–2–3 (Burns Code Ed.Supp.1992) sets out the proper procedure, the respective duties of the State and the courts, and the rights of a defendant, in a revocation proceeding. According to I.C. 35–38–2–3(g), so long as the proper procedures have been followed in conducting the hearing, upon a finding of violation by a preponderance of the evidence, the trial court may order execution of a suspended sentence.

Indiana Code 35–38–1–7.1 (Burns Code Ed.Supp.1992), which sets forth the various aggravating or mitigating factors to be considered by the court, does so with reference to the "sentence to be imposed for a crime." The sentence here was imposed in

---

3. We note that even were it not waived, Officer Sigler's testimony may have been admissible as an exception to the rule against hearsay. At the time that Pige made the statements to Officer Sigler, Pige's arm was still bleeding and Mitchell was still inside the house and agitated. From this, it would be reasonable to conclude that the stabbing had occurred shortly before Sigler arrived and that Pige was still under the effect of the stabbing at the time that he spoke to Officer Sigler. As such, Pige's comments to Officer Sigler may have been admissible under the excited utterance exception to the rule against hearsay. *See Gye v. State* (1982) Ind., 441 N.E.2d 436.

January, 1992. It was merely ordered to be executed as a result of the probation violation.

We therefore decline Mitchell's invitation to insert into the statute a requirement that trial courts consider aggravating and mitigating circumstances when imposing sentence in a probation revocation proceeding, such as is required at the sentencing phase of a criminal prosecution. Mitchell's argument upon this point should properly be directed to the legislature.

The judgment is affirmed.

FRIEDLANDER and BARTEAU, JJ., concur.