**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RYAN D. BOWER**
Allen Allen & Brown
Salem, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES L. MORGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1206-CR-254 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Jr., Judge
Cause No. 88D01-0812-FC-543

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

James Morgan appeals the trial court's order imposing sanctions following the revocation of his probation. We affirm.

ISSUE

Morgan presents one issue, which we restate as: whether the trial court abused its discretion by ordering him to serve thirty months of his previously suspended sentence and by extending his probation by six months.

FACTS AND PROCEDURAL HISTORY

In December 2008, the State charged Morgan with Class C felony criminal confinement, Class D felony strangulation, and Class A misdemeanor battery. In March 2009, the parties filed a plea agreement in which Morgan agreed to plead guilty to Class C felony criminal confinement in the underlying cause here as well as misdemeanor battery and trespass in two other cause numbers. In exchange, the State agreed to dismiss the remaining charges. In June 2009, the trial court accepted the plea agreement and sentenced Morgan in accordance with that agreement to an aggregate term of four years with three years suspended to probation.

In February 2011, the Washington County Probation Department filed a petition to revoke Morgan's suspended sentence for violating the law and consuming alcohol in violation of the terms of his probation. Specifically, the petition alleged that Morgan had been charged with Class D felony and Class A misdemeanor battery in Harrison County and that he had a blood alcohol content of 0.13 at the time of his arrest. Morgan, who had pleaded guilty to the Harrison County battery charges, admitted both violations. The

2

court ordered Morgan to serve thirty months of his previously suspended sentence in the Indiana Department of Correction and extended his probation by six months. Morgan now appeals.

Morgan contends that the trial court abused its discretion by ordering him to serve thirty months of his previously suspended sentence and by extending his probation by six months. A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* A trial court may order execution of all or part of a suspended sentence upon a violation of probation. Ind. Code § 35-38-2-3(g)(3) (2010); *Prewitt*, 878 N.E.2d at 186-87. The court may also extend the probationary period for not more than one year beyond the original probationary period. Ind. Code § 35-38-2-3(g)(2); *Prewitt*, 878 N.E.2d at 186-87.

Three years of Morgan's original sentence were suspended to probation. He admitted violating probation by committing Class D felony and Class A misdemeanor battery and by consuming alcohol. We note that the Harrison County battery offenses are similar in nature to the crimes to which he originally pleaded guilty. Although Morgan has not included in the record on appeal the presentence investigation report considered during his revocation proceeding, statements made by the State during the sentencing hearing reveal that Morgan has previous convictions for confinement and battery. The

3

trial court was therefore well within its discretion to order execution of thirty months of his previously suspended sentence and to extend his probation by six months.

Morgan nonetheless argues that the trial court should have considered his guilty plea to the Harrison County battery offenses and his admission that he violated his probation as significant mitigating circumstances. A probationer who admits allegations of probation violations must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). However, Section 35-38-2-3 does not require a trial court to balance aggravators and mitigators when imposing a sentence in a probation revocation proceeding. *Mitchell v. State*, 619 N.E.2d 961, 963-64 (Ind. Ct. App. 1993), *overruled in part on other grounds by Patterson v. State*, 659 N.E.2d 220, 222-23 & n.2 (Ind. Ct. App. 1995) (holding that probationer's mental state must be considered in dispositional determination of probation revocation proceeding).

Morgan also invokes Indiana Appellate Rule 7(B) and argues that the trial court's imposition of thirty months was inappropriate in light of the nature of the offense and the character of the offender. He asks us to revise the trial court's sanction downward. Review and revision of sentences pursuant to Rule 7(B), however, does not apply to sanctions imposed in probation revocation proceedings. *Prewitt*, 878 N.E.2d at 188 (whether court's sanction is inappropriate in light of nature of offense and character of offender "is not the correct standard to apply when reviewing a sentence imposed for a probation violation").

4

We therefore conclude that the trial court did not abuse its discretion in its imposition of sanctions upon the revocation of Morgan's probation.

CONCLUSION

For the reasons stated, we affirm.

Affirmed.

BAILEY, J., and BARNES, J., concur.