**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2014, 9:45 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JONATHAN DAVID TURNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1403-CR-146 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1108-FD-4212
Cause No. 03C01-1211-FD-5702

**October 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Jonathan Turner appeals the trial court's order revoking his probation and ordering him to serve the remainder of his sentence in the Department of Correction. Turner raises one issue for our review, which we restate as whether the trial court abused its discretion when imposing a sanction. Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On February 6, 2012, Turner was sentenced to two years, suspended to probation, for theft ("Theft 1"). Thereafter, Turner was charged with a second theft ("Theft 2") resulting in a notice of violation of his probation for Theft 1. On April 29, 2013, Turner pled guilty to Theft 2. In exchange for Turner pleading guilty to Theft 2, the State agreed to dismiss the probation violation. Finally, on June 20, 2013, the trial court accepted Turner's guilty plea arising out of Theft 2 and sentenced Turner to three years, with eighteen months in community corrections and eighteen months suspended to probation.

On October 28, 2013, the State filed a petition to revoke Turner's probation, in regards to both Theft 1 and Theft 2, because he failed to pay the fees required by the terms and conditions of his probation. Before the trial court ruled on the State's petition, the State amended its petition twice to account for subsequent probation violations. First, the State amended its petition to include a third theft charge which resulted from Turner's alleged theft of merchandise from Walmart ("Theft 3"). Second, the State amended its petition when Turner tested positive for heroin.

On March 3, 2014, the trial court held a hearing on the State's petition to revoke Turner's probation. Turner admitted that he violated probation by failing to pay probation fees, committing Theft 3, and using heroin. Further, Turner informed the court that he intended to plead guilty to Theft 3 in an attempt to reduce the charge from a Class D felony to a Class A misdemeanor. Considering these facts and circumstances, the trial court revoked Turner's probation in both Theft1 and Theft 2 and ordered Turner to serve the remainder of his suspended sentences in the Department of Correction, running consecutively. In sum, Turner was sentenced to three and one-half years with thirteen days of credit.[1]

Turner now appeals the trial court's decision to order him to serve the remainer of his sentences in the Department of Correction.

### Discussion and Decision

Turner argues that the trial court abused its discretion when it failed to give mitigating weight to his admission of violating probation and ordered him to serve the entirety of his suspended sentences. We disagree.

### I. Standard of Review

Initially, we observe that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Berry v. State, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009). "Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation

---

[1] Two years were ordered regarding Theft 1 and eighteen months were ordered regarding Theft 2.

actually has occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." Sanders v. State, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), trans. denied. If a defendant's probation is revoked, the trial court may apply one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

A trial court's sentencing decision in a probation revocation hearing is reviewed for an abuse of discretion. Puckett v. State, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." Id. (citation omitted).

## II. Sanction for Violating Probation

Here, by Turner's own admission, he violated probation. Namely, Turner admitted to violating probation by failing to pay probation fees, committing Theft 3, and using heroin. Because Turner violated probation, the trial court had authority to revoke Turner's probation and sanction Turner in accordance with Indiana Code section 35-38-2-3(h). Turner does not contend the trial court erred in revoking his probation under these circumstances. Turner does argue that his admission amounts to a mitigating circumstance which the trial court did not consider in imposing a sanction, resulting in an abuse of discretion. In support, Turner relies on Anglemyer v. State, 868 N.E.2d 482

4

(Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007) and Puckett, 956 N.E.2d at 1182, for the proposition that it is an abuse of discretion for a trial court to fail to consider a mitigating factor in imposing a sanction under Indiana Code section 35-38-2-3(h).

In Anglemyer, our supreme court granted transfer to address "the respective roles of Indiana trial and appellate courts under the 2005 amendments to Indiana's criminal sentencing statutes." 868 N.E.2d at 484 (emphasis added). In part, the defendant argued the trial court had erred because it did not consider his guilty plea as a mitigating factor. The court initially declined to address this mitigating factor because it was not raised at sentencing, noting that, generally, "the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." Id. at 492.

Thereafter, the court granted the defendant's petition for rehearing on the sole issue of whether the trial court should have considered the guilty plea as a mitigating factor in sentencing. Anglemyer v. State, 875 N.E.2d 218, 219 (Ind. 2007). The court affirmed its previous holding, but recognized a guilty plea as an exception because the trial court is inherently aware of the guilty plea. Id. at 220. Consequently, a defendant who pleads guilty, regardless of whether he argues to the trial court that his guilty plea is a mitigating factor, is entitled to some mitigating weight at sentencing. Id.

While Anglemyer does stand for the proposition that a defendant need not argue at the trial court level that his guilty plea constitutes a mitigating factor in the context of sentencing, the holding in Anglemyer is not applicable to the case at hand. Turner is appealing from a probation revocation hearing, not the imposition of a sentence. Nothing in Anglemyer can be read to stand for the proposition that it applies to a probation

revocation hearing. Rather, <u>Anglemyer</u> expounds upon the history and application of the 2005 amendments to Indiana's criminal <u>sentencing</u> statutes. Accordingly, the holding in <u>Anglemyer</u> applies only when the initial sentence is being imposed and is inapplicable to a sentence imposed following revocation of probation. <u>See</u> <u>Berry</u>, 904 N.E.2d at 366 (holding <u>Anglemyer</u> does not require a sentencing statement in a probation revocation proceeding).

In <u>Puckett</u>, the defendant was charged with two counts of child molesting as Class B felonies. 956 N.E.2d at 1183. Pursuant to a plea agreement, the defendant pled guilty to one count of child molesting as a Class C felony and was sentenced to four years suspended to probation. Due to the defendant's misconduct, the State filed multiple petitions alleging the defendant violated his probation. The State's petitions culminated in a probation revocation hearing at which a special judge presided. At the hearing, the trial court revoked the defendant's probation and ordered him to serve four years incarceration. <u>Id.</u> at 1185. In essence, the trial court reasoned that the defendant had committed a horrendous crime; the original plea was far too lenient; and the original plea was the result of incredible generosity on the part of the State because the defendant should have been convicted of at least one Class B felony. <u>Id.</u>

The defendant appealed, arguing that the trial court abused its discretion in the sanction imposed. This court agreed and took issue with the trial court's reasoning:

> [A] defendant who enters into a plea agreement is entitled to the benefits of that bargain, even in a later probation revocation proceeding. A trial court's belief that a sentence imposed under such an agreement was "too lenient" is not a proper basis upon which to determine the length of a sentence to be imposed following a revocation of probation. We also hold that it is

6

improper when revoking probation for a trial court to find that the defendant actually committed a more serious crime than the one or ones of which he or she was originally convicted.

Id. at 1187.

Turner's reliance on Puckett is also misplaced. The crux of the court's holding in Puckett focused on how it was improper for a trial court, during a probation revocation hearing, to consider whether or not the original plea was too lenient in choosing a sanction. Here, the trial court did not collaterally attack Turner's original sentence. Rather, the trial court followed the terms of the original plea agreement. Turner points to no evidence to the contrary.

Moreover, Puckett does not stand for the proposition that a trial court must consider mitigating factors when imposing a sanction after revoking probation. While our supreme court has held a trial court has "statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended," Stephens v. State, 818 N.E.2d 936, 942 (Ind. 2004), Turner points to no authority which requires the trial court to do so because of mitigating factors. In fact, this court has held that "trial courts are not required to balance aggravating or mitigating circumstances when imposing [a] sentence in a probation revocation proceeding." Treece v. State, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014) (quotation omitted), trans. denied. This stems from the fact that a probation revocation hearing does not involve the imposition of a sentence; rather, it is a proceeding to order the execution of a sentence already imposed. See Mitchell v. State, 619 N.E.2d 961, 963-64 (Ind. Ct. App. 1993), overruled on other grounds by Patterson v. State, 659 N.E.2d 220, 223 n.2 (Ind. Ct. App. 1995).

Consequently, the trial court did not abuse its discretion by not giving mitigating weight to Turner's admission.

Contrary to Turner's assertion, the facts and circumstances before the court support its sanction ordering Turner to serve the entirety of his suspended sentences. Once a probation violation occurs, the trial court is vested with statutory authority to "[o]rder execution of all . . . of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3). Additionally, this court has held that "[a]s long as the proper procedures have been followed in conducting a probation revocation hearing, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence."[2] Wilkerson v. State, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009) (citation omitted).

There is no doubt that Turner violated probation. By his own admission, Turner violated probation when he failed to pay probation fees, committed Theft 3, and used heroin. Additionally, and perhaps most troubling, is the fact that Turner violated his probation by allegedly committing another theft, the exact same crime that led to him being on probation in the first place. Probation restrictions "are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community." Bonner v. State, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002), trans denied. In Turner's case, the probation restrictions did not achieve either of these goals. Given the facts at hand, we cannot say

---

[2] Turner does not argue that the trial court did not follow the proper procedures during the probation revocation hearing.

the trial court abused its discretion in ordering Turner to serve his entire suspended sentences.

## Conclusion

The trial court's decision to order Turner to serve the entirety of his suspended sentences was not against the logic and effect of the facts and circumstances before the court. Therefore, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.