## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 21 2017, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan K. Bolt
Gibson Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Greenwell,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

June 21, 2017

Court of Appeals Case No.
79A02-1612-CR-2941

Appeal from the Tippecanoe
Superior Court

The Honorable Randy Williams,
Judge

Trial Court Cause No.
79D01-7-CF-89

**Brown, Judge.**

[1] David Greenwell appeals the trial court's order revoking his probation. He raises two issues which we consolidate and restate as whether the trial court abused its discretion in ordering him to serve eight years of his previously suspended sentence and two years of probation. We affirm.

*Facts and Procedural History*

[2] On July 10, 2000, the State charged Greenwell with four counts of child molesting as class B felonies. On August 31, 2001, Greenwell and the State entered a plea agreement providing that he would plead guilty to one amended count of child molesting as a class A felony and any remaining counts would be dismissed. The plea agreement provided that any executed portion of the sentence would not exceed forty years. On October 29, 2001, the court accepted the plea agreement and sentenced Greenwell to thirty years with twenty years executed at the Department of Correction followed by ten years on supervised probation "to include the recommendations as set forth on page five of the pre-sentence report." Appellant's Appendix Volume 2 at 26.

[3] In June 2016, the State filed a petition to revoke probation alleging that Greenwell had unapproved contact with a child under the age of sixteen years. On September 15, 2016, the State filed a second petition to revoke probation alleging that Greenwell left Indiana without prior approval from his probation officer and also engaged in a sexual relationship with a person who has a child under the age of sixteen years without prior approval from the court, probation, or a treatment provider.

[4] On December 9, 2016, the court held a hearing. Greenwell admitted that he violated his probation by having contact with a minor child without obtaining approval required by the terms of his probation, by leaving Indiana and traveling to places such as Texas, Missouri, Oklahoma, West Virginia, North Carolina, and Pennsylvania without permission, and by having a sexual relationship with a woman who had a child under sixteen years of age without prior approval from the court, his probation officer, or a treatment provider. During questioning by his counsel, Greenwell indicated that the woman with whom he was having a sexual relationship was pregnant with his child. The court found that Greenwell violated his probation.

[5] Greenwell then testified that he had some difficulty in obtaining jobs given that he was a registered sex offender and that he invested over $60,000 in a franchise called Hillbilly Hauling which involved hauling manufactured campers from point A to point B and back to point A. He testified that he ultimately sought approval to leave the State but that was denied. When asked by his counsel what led him to not comply with that order, Greenwell answered: "I just felt financial – just a bad financial choice and financial stress, just unbelievable stress." Transcript Volume II at 16. He testified that he went straight to the delivery spot with his wife and straight back to his house. When asked about his sexual relationship with the woman who had a child under sixteen years old, Greenwell stated: "It was you know absolutely spontaneous and just a friend of the family and a common interest in music and um . . . you know . . .

spontaneous . . . our affections obviously went further than you know natural friendship, so." *Id.* at 17.

[6] The court stated that Greenwell may have the ability to follow the rules but his desire was truly lacking. The following exchange occurred:

> THE COURT: Okay. You've been married for eight years and since your paramour is pregnant it suggests that within the last nine months you've been having sex with another woman and yet your wife is still supportive, and she was supportive of you when she rode with you out of state, so I'm not sure what her role in all of this might be. How long have you been out of the DOC?
>
> [Greenwell]: Seven years sir.
>
> THE COURT: So you were married while – you and your wife were married while you were in the Department of Corrections?
>
> [Greenwell]: Yes sir.
>
> THE COURT: And you knew her how long before that?
>
> [Greenwell]: A couple of years.
>
> THE COURT: So you started as pen pals?
>
> [Greenwell]: Well when I was – came down with the cancer she was part of the prayer group. And we found out that we had a mutual friend, family friend.

THE COURT: This is while you were in the Department of Corrections?

[Greenwell]: Yes sir.

*Id.* at 33.

[7] The court stated:

> Well I'm going to tell you one thing, I'm happy for you that medically it was a good – that good things have happened for you, but I can't trust you. You know I don't think you do have the desire. The nature of these – the nature of these violations is such that it says that at least, interestingly it says, you left the state without prior approval, the states including but not limited to states of Texas, Missouri, Oklahoma, West Virginia, Florida and North Carolina and Pennsylvania; however, my thought is you probably in order to get one of those you had to go through at least Illinois, Kentucky or Ohio, right? You've been all over the country. I don't know what you've been doing all over the country; I don't know what you've been doing all over the country with a woman who accepts the fact that you've had sex with another woman.

*Id.* at 34. The court revoked Greenwell's probation and ordered him to serve eight years in the Department of Correction and two years suspended to probation.

## *Discussion*

[8] The issue is whether the trial court abused its discretion in ordering that Greenwell serve eight years of his previously suspended sentence. Greenwell argues that the trial court abused its discretion by ordering eight years of his

suspended sentence revoked without considering mitigating factors including that he admitted the violations of probation, he expressed remorse throughout the hearing, he had successfully served a large portion of his suspended sentence on probation with no violations, incarceration would be a hardship on his family, and he was in financial distress. He also argues that the trial court abused its discretion by considering improper factors. Specifically, he cites *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), and points to the court's comments regarding his wife and his extramarital affair and asserts that the court sent a personal philosophical message.

[9] The State argues that the trial court did not abuse its discretion in imposing eight years of Greenwell's ten-year suspended sentence and points to his multiple violations. With respect to the court's comment that it did not know what Greenwell had been doing all over the country with his wife who accepted the fact that he had sex with another woman, the State asserts it was a reflection of the court's concerns about what he was doing in his cross-country jaunts. The fact that his wife was with him was not sufficient to quell any concerns that she would stop him from committing any additional sexual misconduct against children. The State contends that the court was stating that Greenwell's wife was not the supervision that someone with Greenwell's background required, rather than a reflection of its moral beliefs.

[10] Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if the trial court finds a probation violation and provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[11] The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[12] While a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation, *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008), we

have previously observed that "trial courts are not required to balance 'aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding.'" *Treece v. State*, 10 N.E.3d 52, 59-60 (Ind. Ct. App. 2014) (quoting *Mitchell v. State*, 619 N.E.2d 961, 964 (Ind. Ct. App. 1993), *overruled in part by Patterson v. State*, 659 N.E.2d 220, 223 n.2 (Ind. Ct. App. 1995) (holding that in a probation revocation proceeding, probationer's mental health should be considered)), *trans. denied*. This stems from the fact that a probation revocation hearing does not involve the imposition of a sentence, but is a proceeding to consider the execution of a sentence already imposed. *See Mitchell*, 619 N.E.2d at 963-964. As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

[13] In *Puckett*, this Court observed that the trial court's statements of reasons for entirely revoking a defendant's probation were problematic. 956 N.E.2d at 1186-1187. Specifically, we observed that the trial court plainly and repeatedly expressed its displeasure with the defendant's original plea agreement and the trial court indicated that he should have been convicted of at least a class B felony. *Id.* at 1187. We also observed that the court relied upon probation violation allegations that the State had dismissed, and engaged in extended discussion regarding its personal beliefs as to the importance of the sex offender registry, including noting its personal use of the registry. *Id.* at 1188. We held

that "within the context of original sentencing, it is improper for a trial court to impose a harsh sentence on the basis of the trial court's desire to send a personal philosophical message about the general severity of an offense, rather than focusing upon facts that are peculiar to the particular defendant and offense." *Id.* We concluded that the trial court's statements of reasons considering improper factors constituted an abuse of discretion. *Id.* We find *Puckett* distinguishable as there is no suggestion that the trial judge may have been trying to make up for an initial sentence he considered inadequate, relied upon dismissed probation violation allegations, or discussed his personal beliefs.

[14] The record reveals that Greenwell, who had pled guilty to child molesting as a class A felony, violated his probation numerous times. He admitted that he violated his probation by having contact with a minor child without obtaining required approval, left Indiana and traveled to Texas, Missouri, Oklahoma, West Virginia, North Carolina, and Pennsylvania without permission, and had a sexual relationship with a woman who had a child under sixteen years of age without prior approval from the court, his probation officer, or a treatment provider. The trial court commented that "[t]he nature of these violations and the number of the violations and the continued violations are very disturbing." Transcript Volume II at 35. Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Greenwell to serve eight years of his previously suspended ten-year sentence.

## *Conclusion*

[15]  For the foregoing reasons, we affirm the trial court's order revoking Greenwell's probation and ordering that he serve eight years of his previously suspended sentence in the Department of Correction and two years of probation.

[16]  Affirmed.

May, J. and Pyle, J., concur.