## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2017, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert A. Peterson, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 30, 2017

Court of Appeals Case No.
16A04-1706-CR-1335

Appeal from the Decatur Superior Court

The Honorable Matthew D. Bailey, Judge

Trial Court Cause No.
16D01-1203-FA-207

**Najam, Judge.**

# Statement of the Case

Robert A. Peterson, Jr. appeals the trial court's revocation of his probation. He raises one issue on appeal, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence. We affirm.

# Facts and Procedural History

On March 22, 2012, the State charged Peterson with dealing in methamphetamine, as a Class A felony; possession of methamphetamine, as a Class B felony; possession of precursors, as a Class C felony; possession of a controlled substance, as a Class C felony; and resisting law enforcement, as a Class A misdemeanor. Peterson pleaded guilty to dealing in methamphetamine, as a Class B felony, and the State dismissed the remaining charges. The trial court sentenced Peterson to twelve years with six years suspended to probation.

On January 27, 2017, after Peterson had served two years of his probation, the State filed a petition to revoke his probation because it had charged Peterson in Cause No. 16D01-1701-F4-69 ("F4-69") with unlawful possession of a firearm by a serious violent felon, a Level 4 felony; criminal recklessness, as a Level 6 felony; and criminal mischief, as a Class A misdemeanor. On April 27, following a jury trial, a trial court entered judgment of conviction on the two felony counts in F4-69. At the ensuing probation revocation hearing in the instant cause on May 18, the trial court found that Peterson had violated the

terms of his probation, and the court ordered Peterson to serve the balance of his suspended sentence, six years, in the Department of Correction. This appeal ensued.

## Discussion and Decision

[4] Peterson argues that the trial court abused its discretion when, after revoking his probation, it ordered him to serve his entire previously suspended sentence. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007); *see also Treece v. State*, 10 N.E.3d 52, 56 (Ind. Ct. App. 2014), *trans. denied*. We review probation violation determinations and sanctions for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Id.* (citations omitted).

[5] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.* Indiana Code Section 35-38-2-3(h) (2017) provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Our Supreme Court has held that this statute "permits judges to sentence offenders using any one of or any combination of the enumerated powers." *Prewitt*, 878 N.E.2d at 187. A single violation of a condition of probation is sufficient to permit the trial court to revoke probation. *Treece*, 10 N.E.3d at 59.

[6] Here, Peterson does not dispute that the trial court had authority to sanction him pursuant to Indiana Code Section 35-38-2-3(h) given his convictions on two felony counts in F4-69 while on probation. Rather, Peterson maintains that the trial court abused its discretion when it failed to take into account the following alleged mitigating factors in imposing sanctions: his twenty-eight-year sentence for the two felony convictions in F4-69; his successful completion of a community transition program; and his successful completion of two years of his probation.

[7] While probationers must be given the opportunity to present mitigating factors, *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008), "trial courts are not required to balance aggravating or mitigating circumstances when imposing [a] sentence in a probation revocation proceeding," *Treece*, 10 N.E.3d at 59 (quotation

omitted). This stems from the fact that a probation revocation hearing does not involve the imposition of a sentence, but is a proceeding to consider the execution of a sentence already imposed. *See Mitchell v. State*, 619 N.E.2d 961, 963-64 (Ind. Ct. App. 1993), *overruled on other grounds by Patterson v. State*, 659 N.E.2d 220, 223 n.2 (Ind. Ct. App. 1995). So long as the proper procedures have been followed in conducting a probation revocation, a trial court has discretion to order execution of a suspended sentence upon a finding of a violation. *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). Therefore, we cannot say that the trial court abused its discretion when it refused to give weight to the mitigating factors Peterson raised.

[8] The logic and effect of the facts and circumstances in this case support the trial court's sanction for Peterson's probation violation. At the time of the revocation hearing, Peterson's criminal history included five felonies and five misdemeanors. And Peterson's probation violation was significant: Peterson discharged a firearm "toward a vehicle" in a mobile home park where other people were present. Appellant's App. Vol. 2 at 76. The trial court was well within its discretion to order Peterson to serve his entire previously suspended sentence. *See Prewitt*, 878 N.E.2d at 188 (holding trial court did not abuse its discretion in ordering defendant to serve previously suspended sentence when he had multiple probation violations, a past criminal history, and an inability to comply with ordered programs).

[9] Affirmed.

Kirsch, J., and Brown, J., concur.