## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2017, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kelsie N. Shewmaker,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2017

Court of Appeals Case No.
48A02-1705-CR-973

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1203-FB-497

**May, Judge.**

[1]    Kelsie N. Shewmaker appeals the revocation of one year of her eight-year term of probation. Shewmaker argues the trial court improperly relied on her failure

to pay restitution and failure to maintain employment, without first finding she was voluntarily unemployed.  Because the trial court's revocation is supported by Shewmaker's use of illegal substances and commission of theft, we affirm.

## Facts and Procedural History

On March 12, 2014, Shewmaker began serving her eight-year term of probation for two counts of burglary and two counts of theft.  On August 5, 2014, Shewmaker violated her probation by failing to pay restitution, failing to pay probation fees, and failing to obtain a substance abuse evaluation.  The court returned Shewmaker to probation.

On December 11, 2015, Shewmaker again violated her probation by failing to pay restitution and by testing positive for illicit drugs.  The court again returned Shewmaker to probation.

On February 21, 2017, notice of Shemaker's probation violation was filed.  At the evidentiary hearing, Shewmaker admitted using illicit drugs, failing to pay restitution, and failing to maintain employment.  The State also proved Shewmaker had stolen merchandise from Walmart on January 11, 2017.  The trial court found Shewmaker in violation of her probation based on Shewmaker's admissions and the proof of theft, and it revoked one year of Shewmaker's eight-year suspended sentence.

## Discussion and Decision

[5] The ability to serve a sentence on probation has been described as a "matter of grace" and a "conditional liberty that is a favor, not a right." *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005) (internal citation omitted). "Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually has occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005) (internal citation omitted)*, trans. denied*.

[6] Shewmaker argues the trial court should not have revoked her probation based on her failure to pay restitution and her failure to maintain employment, without also finding she was voluntarily unemployed. Shewmaker is correct that probation should not be revoked if a probationer is unable to pay fees through no fault of her own. *Black v. Romano*, 471 U.S. 606, 614 (1985), *reh'g denied*.

[7] However, Shewmaker admitted using illicit drugs, and the State proved Shewmaker committed theft. These two violations permit the court to revoke probation.[1] *See Baxter v. State*, 774 N.E.2d 1037, 1044 (Ind. Ct. App. 2002)

---

[1] Shewmaker also argues the trial court failed to consider mitigators and aggravators when revoking her probation. In a revocation hearing, a court is not required to consider mitigating or aggravating factors. *See Mitchell v. State,* 619 N.E.2d 961, 964 (Ind. Ct. App. 1993) (holding trial court did not err by declining to consider mitigating circumstances before imposing sanction because Indiana Code section 35-38-2-3 does not require a trial court to consider aggravating and mitigating factors when revoking probation), *holding narrowed by Patterson v. State*, 659 N.E.2d 220, 222 n.2 (Ind. Ct. App. 1995) (trial courts should consider a probationer's mental state when deciding sanction for probation revocation). Accordingly, this argument is without merit.

(violation of a single condition of probation is sufficient to revoke probation), *trans. denied*. Thus, we find no reversible error in the court's mention of Shewmaker's failure to maintain a job or pay restitution without determining whether Shewmaker was voluntarily unemployed. *See Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (affirming revocation of probation despite one alleged improper finding because revocation was supported by other violations).

# Conclusion

[8]     As one violation is sufficient to revoke probation, the trial court did not abuse its discretion when it revoked one year of Shewmaker's probation based on her use of illicit drugs and commission of theft. We affirm.

Affirmed.

Barnes, J., and Bradford, J., concur.