Rodney G. PATTERSON, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee.

No. 34A02–9409–CR–550.

Court of Appeals of Indiana.

Dec. 21, 1995.

William G. Menges, Jr., Kokomo, for Appellant.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Rodney G. Patterson (Patterson) appeals the revocation of his probation.

On December 16, 1993, Patterson pleaded guilty to theft, a class D felony,[1] and was sentenced to a term of two years, with 180 days executed, sixty days of which was to be served on home detention. The remainder of his sentence was to be served on unsupervised probation. As conditions of home detention, the court ordered that Patterson refrain from committing any other offense, and that he travel from his house only to go to, and return from, work:

"8. I agree to limit my movement away from my house to involve only traveling to and from work. All other deviations must be preapproved by Community Corrections staff. The times provided for all of these functions will be worked into a strictly defined schedule to be reviewed each week with the Home Detention Officer. I realize that any variance from this schedule may result in my revocation from the Home Detention Program." Record at 39.

"13. I agree to not violate any county resolutions or any federal[,] state or municipal laws." Record at 40.

On March 9, 1994, after having signed the conditions of home detention, Patterson be-

gan serving the sixty-day period of his sentence. Soon thereafter, on March 13, 1994, Patterson was apprehended by the Kokomo Police Department and placed under arrest for an incident which occurred that day. As a result of that incident, a Notice of Violation, alleging that Patterson had violated both Paragraphs 8 and 13, was filed.

Evidence adduced at the fact-finding hearing regarding Patterson's alleged noncompliance with the terms of his probation, showed that he had entered a Kroger store and had snatched a customer's billfold. He fled the store, but was apprehended in the parking lot by two store employees. Patterson testified that, at the point he committed the theft, he did not possess the ability to differentiate between those actions which were right and wrong. He testified that he knew it was wrong to steal and, with the benefit of hindsight, he knew that his actions were wrong. The trial court found that Patterson had violated the condition of home detention, in Paragraph 13, because he had committed a second "purse-snatching" while on probation. He was ordered to serve the remainder of his two-year sentence. It is this order from which Patterson appeals.

Patterson presents several issues for our review, which we restate as follows:

I. whether the trial court erred in its determination that sufficient evidence existed to revoke Patterson's probation, though he presented uncontroverted evidence that he suffered from a mental disease or defect;

II. whether the trial court committed reversible error when it failed to appoint a psychiatrist to examine Patterson prior to his probation revocation hearing;

III. whether the trial court erred in failing to take judicial notice of its file upon the crime which precipitated the State's action for revocation of Patterson's probation; and

IV. whether the trial court violated Patterson's privilege against self-incrimination by overruling his objection to the State's question.

---

1. I.C. 35–43–4–2 (Burns Code Ed.Repl.1994)

## I. *Mental Disease or Defect*

Patterson initially contends that the trial court's determination that he violated the terms of his probation is contrary to law. This is so, Patterson claims, because he presented "uncontroverted" evidence proving that he was mentally ill at the time he committed the underlying theft upon which the revocation was based. Appellant's Brief at 3. Patterson's argument implies that, because he could not have possessed the requisite culpability to commit the underlying crime which formed the basis for revocation, his probation could not be revoked due to commission of that theft.

The evidence alluded to reflects that for approximately one year prior to the purse-snatching which led to the probation revocation, Patterson had been under the care of a psychiatrist, Dr. Silsby. Patterson testified that he had trouble distinguishing between right and wrong and had trouble conforming his actions to what is right as opposed to what is wrong. The trial court admitted into evidence an exhibit filed in the underlying robbery case which was a Notice of Intent to Interpose Defense of Mental Disease or Defect. Patterson thereafter testified that he knew it was wrong to steal but that at the time he took the victim's purse or wallet from her, he "didn't know what was going on. I didn't know what I was doing at the time." Record at 143.

Although proof of a conviction of a crime is not necessary for a revocation of probation, a mere arrest for an offense will not suffice. There must be proof that the defendant engaged in criminal conduct. *Gleason v. State* (1994) Ind.App., 634 N.E.2d 67. The proof must be by a preponderance of the evidence. *State v. Cass* (1994) Ind. App., 635 N.E.2d 225, *trans. denied.* Because the conduct must be unlawful, *Hoffa v. State* (1977) 267 Ind. 133, 368 N.E.2d 250; *Justice v. State* (1990) Ind.App., 550 N.E.2d 809; *Brown v. State* (1983) Ind.App., 458 N.E.2d 245, this requirement of proof would seem to contemplate a degree of culpability with regard to the alleged conduct. The conclusion, however, is not readily drawn from Indiana case law. In *Brown, supra,* this court held that where conviction for an offense committed during probation was reversed, the probation revocation could not stand without other evidence of criminal activity. 458 N.E.2d at 251. *Justice, supra,* is somewhat to the same effect, holding that although the probationer was acquitted of the alleged offense, his probation could be revoked by evidence of the commission of that offense. 550 N.E.2d at 812. *Hoffa, supra,* held that evidence at the revocation hearing indicated that the arrest was reasonable and that there was probable cause to believe that the probationer had violated a criminal law. 368 N.E.2d at 252. These cases suggest that the burden of proof for revocation is not particularly stringent. On the other hand, *Hensley v. State* (1991) Ind. App., 583 N.E.2d 758, 760–61, recognized that a culpable state of mind was a factor in probation revocation when it observed that the defense of duress may be asserted by one accused of probation violation.

Several jurisdictions have considered the specific defense of insanity with regard to probation revocation. Florida and Texas have held that insanity is a full defense. The Second Circuit and Wisconsin have held that it is not a defense. Alaska, Arizona, California, Colorado, Washington, Illinois, and Ohio have held that although insanity is not a full and complete defense it is to be considered as a mitigating factor. *See* Caroll J. Miller, Annotation, *Probation Revocation: Insanity as Defense,* 56 A.L.R. 4th 1178 (1987 & Supp. 1995).

A court has several dispositional options in a revocation proceeding. Indiana Code 35–38–2–3 (Burns Code Ed.Repl.1994) provides that the court may revoke the probation and order the suspended sentence be served, extend the period of probation by not more than one year, or continue the person on probation with or without modifying the conditions. The probationer's mental state at the time and under the circumstances of the alleged violation is a factor to be considered. We therefore hold that, at a minimum, a probationer's mental state must be considered in the dispositional determination of a

probation revocation proceeding.[2]

■ Be that as it may, the fact that Patterson presented evidence that he had a mental disease or defect is not dispositive of our case. Under the facts, it was well within the prerogative of the court to determine that, notwithstanding the asserted mental condition, the circumstances of the second purse-snatching indicated a knowing or intentional course of conduct. Furthermore, Patterson's testimony at the revocation hearing was not so convincing or conclusive as to compel the court to find that the probation violation was excused or mitigated by the alleged mental condition.

## II. *Failure to Appoint Psychiatrist*

■ Patterson relies upon I.C. 35–36–2–2 (Burns Code Ed.Supp.1994) for the proposition that the court erred in not appointing two or three psychiatrists or psychologists to examine him and testify. We reject the argument.

Patterson's own psychiatrist was presumably available to testify concerning the probationer's mental condition as it related to the probation violation. He was not called by the defense. More importantly, however, the statute concerns a "criminal case" in which a notice of an insanity defense has been filed. *Id.* A probation revocation proceeding is in the nature of a civil case. It has been held not to be a "criminal proceeding" for purposes of double jeopardy. *Ashba v. State* (1991) Ind.App., 570 N.E.2d 937, *aff'd,* 580 N.E.2d 244, *cert. denied* (1992), 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428, and the burden of proof imposed upon the State is not proof beyond a reasonable doubt but only by a preponderance of the evidence. *Id.* Furthermore, although Patterson submitted as evidence a copy of the Notice of Intent to Interpose Defense of Mental Disease or Defect, that notice was filed in the totally separate underlying criminal proceeding, *State v. Patterson* (Super.Ct.Howard County) (No. 34D03–9403–CF–0089) which charged Patterson with theft for the incident which occurred at the Kroger store and which led to the probation violation allegation. It was not filed in the probation violation proceeding itself. The failure to appoint an independent psychiatrist to examine Patterson and testify at the probation violation hearing was not error.

## III. *Failure to Take Judicial Notice*

■ In a somewhat related argument, Patterson contends that the court should have taken judicial notice of the file in the criminal case. At best, that course would have led to the trial court's knowledge of a letter written by Patterson's treating physician and the notice of intent to interpose the insanity defense. The notice filed in the criminal case was before the court because it was admitted into evidence at the probation revocation hearing. The letter as to Patterson's alleged mental state would not have been admissible over a hearsay objection. It would not be admissible under Ind. Evidence Rule 201, the only authority cited by Patterson, because the letter, containing conclusions regarding Patterson's mental condition would not constitute a fact "not subject to reasonable dispute ... [as] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* As a general proposition, judicial notice may not be taken of a different case, even if before the same court and on a related subject between related parties. The rule, however, has not been strictly applied in probation revocation matters. *See Henderson v. State* (1989) Ind., 544 N.E.2d 507; *Szymenski v. State* (1986) Ind.App., 500 N.E.2d 213, *reh. denied.* Nevertheless, for the reasons stated, the court did not err in not accepting the invitation to take judicial notice of the criminal case file.

## IV. *Self-incrimination*

■ In a somewhat convoluted manner, Patterson also contends that, because the

---

**2.** We recognize that *Mitchell v. State* (1993) Ind. App., 619 N.E.2d 961, a Second District opinion written by the author of this opinion, is contra. In *Mitchell,* we held that a trial court was not required to consider a defendant's psychiatric condition in a probation revocation proceeding because there is no duty to consider aggravating or mitigating factors in such a proceeding. 619 N.E.2d at 963. To the extent that *Mitchell* is inconsistent with our decision today, it is overruled.

trial court overruled his objection to the State's query as to whether he could differentiate right from wrong at the time he committed the theft, the trial court required him to incriminate himself, in violation of his privilege against self-incrimination contained within the Fifth and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. V, XIV, and Article 1, Section 14 of the Indiana Constitution, Ind. Const. art. 1, § 14. His argument is directed to the trial court's refusal to sustain his objection to the question posed by the State, "You knew it was wrong to take that lady's purse or wallet from her?" Record at 143.

As we have previously noted, Patterson proposed, as a defense to revocation of his probation that, because of a mental defect or disease, he could not be held responsible for the crime, and that his probation could not be revoked. In his brief, Patterson first admits that he did choose to testify at the probation revocation hearing. He next acknowledges that the purpose of his testimony, on direct examination, was to explore his "state of mind." Brief of Appellant at 7.

Patterson has neglected to bear in mind, however, that I.C. 35–41–3–6(a) (Burns Code Ed.Repl.1994) statutorily defines the defense of insanity:

"A person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he was unable to appreciate the wrongfulness of the conduct at the time of the offense."

As Patterson's understanding of the wrongfulness of his actions was a component of his insanity defense, the State's question was wholly within the scope of permissible cross-examination. We cannot countenance a resolution of this issue by which a defendant may explore his own state of mind in reference to a defense which he himself has put forward for the court's consideration, but may deny the prosecution the opportunity to explore its statutorily defined underpinnings.

The revocation of Patterson's probation is, in all respects, affirmed.

KIRSCH, J., concurs.

FRIEDLANDER, J., concurs in part and dissents in part and files separate opinion.

FRIEDLANDER, Judge, concurring and dissenting.

While I agree that it was proper for the trial court to order the revocation of the defendant's probation, I dissent from the majority's view that a probationer's mental state must be considered at the revocation hearing.

In *Mitchell v. State* (1993), Ind.App., 619 N.E.2d 961, this court determined that a trial court is not obligated to consider a defendant's psychiatric condition in a probation revocation proceeding in accordance with the provisions of Ind.Code 35–38–2–3. It is my view that *Mitchell* was correctly decided, inasmuch as there is no statutory requirement that a trial court must consider aggravating and mitigating circumstances in revocation proceedings.