

FILED

Mar 31 2015, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jay Rodia<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Eric P. Babbs<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyree Hill,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 31, 2015<br><br>Court of Appeals Case No.<br>49A02-1409-CR-632<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Gary L. Miller, Judge<br><br>Cause No. 49G21-1307-FD-47406 |

**Najam, Judge.**

## Statement of the Case

[1] Tyree Hill appeals the trial court's order for him to serve the entirety of his original sentence in the Department of Correction ("DOC") following the court's revocation of his placement on home detention. Hill raises a single issue for our review, namely, whether the trial court abused its discretion when it

resentenced him without expressly taking into account evidence that Hill claims demonstrates that he has a mental disability. We reject this argument on appeal. However, because it is clear from the face of the trial court's sentencing order that it erred when it ordered Hill to serve the entirety of his previously suspended sentence in the DOC without credit for the time Hill had served on home detention, we reverse and remand for resentencing.

## Facts and Procedural History

[2]     On September 26, 2013, Hill pleaded guilty to strangulation, a Class D felony, and resisting law enforcement, as a Class A misdemeanor. Pursuant to the terms of his plea agreement, the trial court sentenced Hill to 730 days on home detention with GPS monitoring, which were to be served through the Marion County Community Corrections program. According to the conditions of his placement on home detention, Hill was not permitted to leave his residence except for traveling to and from a fixed location for employment or if Hill had received permission from his case manager at least forty-eight hours beforehand.

[3]     On February 7, 2014, Troy Blazier, Hill's case manager, discussed with Hill several unapproved absences Hill had committed, and Blazier formally warned Hill that he must not leave his residence without permission. Nonetheless, on July 11, Blazier received an alert that Hill had left his residence without permission. On July 12, Blazier received another alert.

[4] On July 15, the State filed a notice of community corrections violation against Hill. The trial court held a hearing on the notice on August 13. At that hearing, Hill's sister, Terrin York, testified that Hill suffers from "a mental disability. He has a shunt in his head . . . to help him function and [to] keep water off his brain." Tr. at 12. But Hill had informed Blazier that his absence on July 11 was due to a trip to the grocery store, and his absence on July 12 was to attend a family reunion.

[5] The trial court found that Hill violated the terms of his home detention when he left his residence for unapproved reasons on July 11 and July 12. Accordingly, the court revoked Hill's placement in home detention. The court then addressed the proper amount of credit time to which Hill was entitled, as follows:

> Well, because of that other case, I don't know whether he's entitled to credit time on this case or not. I can't tell from the orders. . . . Under the circumstances, we will show that placement at Community Corrections is revoked. The balance of the sentence will be imposed. . . . That will be, at least, 730 days at the [DOC], less whatever credit you are legally entitled to.

*Id.* at 29-30. However, in its ensuing written sentencing order, the trial court ordered Hill to serve his entire original 730-day sentence in the DOC, with only sixteen days of credit time awarded. Those sixteen days reflected Hill's actual days incarcerated immediately prior to the court's hearing on the State's notice of community corrections violation. Appellant's App. at 13. This appeal ensued.

# Discussion and Decision

[6] Hill appeals the trial court's order that he serve the entirety of his original sentence following the court's revocation of his home detention. Generally, a defendant is not entitled to serve a sentence in either probation or a community corrections program. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). "Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). Once a court has exercised this grace, the judge has considerable leeway in deciding how to proceed. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is thus within the discretion of the court to determine the conditions of the defendant's placement and to revoke that placement if those conditions are violated. *Heaton*, 984 N.E.2d at 616. Accordingly, a court's placement decision is subject to review for abuse of discretion. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances before the court. *Id.*

[7] Under Indiana Code Section 35-38-2.6-5:

> If a person who is placed [in a community corrections program] under this chapter violates the terms of the placement, the court may, after a hearing, do any of the following:
>
> (1) Change the terms of the placement.
>
> (2) Continue the placement.

> (3) Revoke the placement and commit the person to the department of correction *for the remainder of the person's sentence*.

(Emphasis added.)

[8] Here, Hill's only argument on appeal is that the trial court abused its discretion when it did not account for his mental disability when it resentenced him. For support, he cites *Patterson v. State*, 659 N.E.2d 220, 222-23 (Ind. Ct. App. 1995), in which we stated: "The probationer's mental state at the time and under the circumstances of the alleged violation is a factor to be considered. We therefore hold that, at a minimum, a probationer's mental state must be considered in the dispositional determination of a probation revocation proceeding."

[9] However, in *Patterson*, the probationer was alleged to have violated the conditions of his probation when he committed a new criminal offense. Indeed, our statement above was couched in that context: "[b]ecause the conduct" alleged to have been a violation of the conditions of probation "must be unlawful, this requirement of proof would seem to contemplate a degree of culpability with regard to the alleged conduct." *Id.* at 222. And even if the probationer were to present evidence on his behalf, this would not necessarily be "dispositive" on appeal, as it is "well within the prerogative of the [trial] court to determine that, notwithstanding the asserted mental condition, the circumstances [of the probationer's conduct] indicated a knowing or intentional course of conduct." *Id.* at 223.

[10] *Patterson* is easily distinguished from Hill's case. First, Hill was not alleged to have committed a new crime; rather, he was alleged to have left his residence without authorization. Hill presents no cogent argument that the "degree of culpability" required to commit a crime is equivalent to that required to leave a residence. *Id.* at 222. Moreover, insofar as Hill did present evidence of his alleged mental disability for the trial court to take into account, that evidence consisted solely of his sister's testimony. It was within the court's discretion to give that testimony little or no weight, and we will not reweigh that evidence on appeal. *See id.* at 223.

[11] Nonetheless, while we disagree with Hill's argument on appeal, the trial court did err when it ordered Hill to serve the entirety of his original sentence without any credit for the time he had spent on home detention. "A sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence." *Lockhart v. State*, 671 N.E.2d 893, 904 (Ind. Ct. App. 1996). "It is the duty of appellate courts to bring illegal sentences into compliance." *Devaney v. State*, 578 N.E.2d 386, 389 (Ind. Ct. App. 1991) (quotation omitted). Thus, even though Hill does not raise this issue, we will address it sua sponte. *E.g.*, *Young v. State*, 901 N.E.2d 624, 626 (Ind. Ct. App. 2009), *trans. denied*.

[12] As our supreme court has explained:

> We believe the legislature's intent is made clear by its language in Ind. Code § 35-38-2.6-5 (1993): "If a person who is placed [in a community corrections program] violates the terms of the placement, the court may . . . [r]evoke the placement and commit the person to the department of correction for the *remainder* of the

person's sentence" (emphasis supplied). If an offender was not entitled to credit for time served, the commitment after revocation would not be for the "remainder" of the offender's sentence but for the entire sentence.

*Purcell v. State*, 721 N.E.2d 220, 223 (Ind. 1999) (alterations original). Here, the trial court did not give Hill credit for the time he had served on home detention.

[13] The State asserts in a footnote in its brief that the trial court "apparently believed that Hill's credit for time served on home detention would apply to another case of Hill's." Appellee's Br. at 2 n.1. But while the court's sentencing order states that Hill's credit time in the instant matter is to be applied to another cause number, the sentencing order calculates that credit time as sixteen days, which reflects only the time Hill was incarcerated prior to the hearing on the revocation of his placement in the community corrections program. The order does not account for the time Hill actually served on home detention. As such, we are not persuaded that the trial court properly credited Hill with all the time to which he is entitled by statute. We reverse the court's sentencing order and remand with instructions that the court resentence Hill and give him credit for time he served on home detention.

[14] Reversed and remanded with instructions.

Mathias, J., and Bradford, J., concur.