## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2016, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Wilson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 14, 2016

Court of Appeals Case No.
49A04-1603-CR-633

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1407-F5-36845

**Najam, Judge.**

# Statement of the Case

[1] Richard Wilson appeals the trial court's revocation of his placement in community corrections ("home detention"). Wilson presents a single issue for our review, namely, whether the State presented sufficient evidence to support the revocation of his home detention. We affirm.

# Facts and Procedural History

[2] On January 27, 2015, Wilson pleaded guilty to operating a motor vehicle while privileges are forfeited for life, a Level 5 felony. On February 27, the trial court sentenced Wilson to five years, with three years executed on home detention, and two years suspended. The terms of Wilson's home detention provided that he could not leave the house, other than for work, without permission from his case manager. On February 18, 2016, Marion County Community Corrections filed a notice of home detention violation, alleging in relevant part that Wilson had left his home for four hours during the evening of January 30, 2016, without permission.

[3] At a hearing on the notice of home detention violation, Wilson testified that his case manager, Allison Shine, had given him permission to attend a dinner on January 30, 2016, to celebrate his birthday. But Shine testified that she had not given him permission to attend the dinner. At the conclusion of the hearing, the trial court revoked Wilson's home detention and ordered him to serve the balance of his sentence in the Department of Correction. This appeal ensued.

# Discussion and Decision

[4] Wilson appeals the trial court's order revoking his placement on home detention. Generally, a defendant is not entitled to serve a sentence in either probation or a community corrections program. *Hill v. State*, 28 N.E.3d 348, 350 (Ind. Ct. App. 2015). "Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). Once a court has exercised this grace, the judge has considerable leeway in deciding how to proceed. *Hill*, 28 N.E.3d at 350. It is thus within the discretion of the court to determine the conditions of the defendant's placement and to revoke that placement if those conditions are violated. *Id.*

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Monroe*, 899 N.E.2d at 691 (citations omitted).

[5] Here, Wilson maintains that the evidence shows that there was "some confusion" regarding whether he had asked for and obtained permission to attend a birthday dinner at a restaurant on January 30, 2016. Appellant's Br. at

9. Regardless, Wilson asserts that "there was no evidence introduced at the hearing that directly refuted" his testimony that, during a phone call on January 29, Shine had granted him permission for the outing. *Id.* at 10. We cannot agree. Shine unequivocally testified that she did not grant Wilson permission to leave his house to go to dinner on January 30, 2016. Wilson's contentions on appeal amount to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support the trial court's revocation of Wilson's home detention.

[6] Affirmed.

Vaidik, C.J., and Baker, J., concur.