## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2019, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal
Appeals

Erik J. Bryant
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew Hostetler,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 20, 2019

Court of Appeals Case No.
18A-CR-265

Appeal from the Ripley Superior
Court

The Honorable Jeffrey Sharp,
Judge

Trial Court Cause No.
69D01-1603-F6-62

**Darden, Senior Judge.**

# Statement of the Case

Appellant Matthew Hostetler appeals the trial court's imposition of a portion of his previously suspended sentence following his admission to violating his probation. We affirm.

# Issue

Hostetler presents one issue for our review, which we restate as: whether the trial court abused its discretion by ordering him to serve a portion of his previously suspended sentence.

# Facts and Procedural History

On August 9, 2016, Hostetler pleaded guilty to battery with moderate bodily injury as a Level 6 felony resulting from his attack on his step-father while armed with a knife.[1] The trial court sentenced him to 910 days with 545 days suspended to probation. The terms of Hostetler's probation prohibited him from committing another criminal offense.

On November 2, 2017, the State filed a petition alleging Hostetler had violated his probation by committing a new criminal offense, specifically escape as a Level 6 felony. At a hearing on the State's petition on January 17, 2018,

---

[1] Ind. Code § 35-42-2-1 (2014).

Hostetler admitted the violation. The court then ordered him to serve 365 days of his suspended sentence and terminated his probation. This appeal ensued.

## Discussion and Decision

Hostetler contends the trial court abused its discretion when, upon revoking his probation, it ordered him to serve a portion of his previously suspended sentence. A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. Further, probation is a criminal sanction for which a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005).

At the time of Hostetler's violation, Indiana Code section 35-38-2-3(h) (2015) provided that if the court finds a violation of a condition of probation, it may: (1) continue the person on probation, with or without modifying the conditions; (2) extend the person's probationary period for not more than one year; and/or (3) *order execution of all or part of the sentence that was suspended at the time of initial sentencing*. (Emphasis added). A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Wilkerson v. State*, 918

N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[7] We begin with the incidents leading up to the present violation. Hostetler had been living with his mother's ex-husband when the two men got into an argument. His mother's ex-husband threatened to kick him out so, "in fear of being homeless," Hostetler "basically panicked and started a house fire." Tr. Vol. 2, p. 8. Based on this incident, he was charged with arson.

[8] While Hostetler was out on bond for his arson charge, he attacked his step-father with a knife and was charged with battery with moderate bodily injury, the underlying charge in this case.

[9] Hostetler was subsequently convicted of the arson and sentenced to five years of probation served on house arrest. While he was on house arrest, he cut off his ankle bracelet because he was "about to get evicted and [he] panicked." *Id.* at 7. Hostetler was charged with the offense of escape in a new cause, and the State also filed a petition to revoke his probation in this cause. He was convicted of the escape charge and was sentenced to 730 days, suspended to probation.

[10] In his brief to this Court, Hostetler asserts that several mitigating factors warrant a more lenient sentence. These factors include his acceptance of responsibility which saved the State time and money, the fact that his violation

was a relatively minor one, the existence of his mental health condition, and his work history.

[11] When imposing a sentence in a probation revocation proceeding, the trial court is not required to consider mitigating circumstances, with one exception: the probationer's mental state. *Patterson v. State*, 659 N.E.2d 220, 222-23 n.2 (Ind. Ct. App. 1995). Specifically, it is the probationer's mental state "at the time and under the circumstances of the alleged violation" that is to be considered. *Id.* at 222. Nevertheless, while the trial court is obligated in a revocation proceeding to consider evidence of a defendant's mental disease or defect as a factor in its dispositional determination, that evidence is not dispositive of a case. *Id.* at 222-23. Rather, it is well within the prerogative of the court to determine that, under the circumstances of a particular case, the defendant's alleged mental condition does not excuse or mitigate the probation violation. *Id.* at 223.

[12] At the hearing, Hostetler asked the court to consider that he pleaded guilty but mentally ill to the arson charge "because [he] was off of [his] medication when the fire happened." Tr. Vol. 2, p. 9. He also stated that he had been receiving treatment since his placement on house arrest. This information showed the trial court only that Hostetler's alleged mental condition had an effect on his behavior *at the time he committed arson*. The violation at issue here is the escape charge. Thus, with regard to Hostetler' mental state at the time he committed escape, this information shows, at most, that he was receiving treatment. Therefore, Hostetler's statements at the revocation hearing that he was

receiving treatment at the time he violated his probation by committing the offense of escape were not so conclusive as to compel the court to find that the probation violation was excused or mitigated by his alleged mental condition.

[13] In addition, Hostetler appears to invoke Indiana Appellate Rule 7(B) by arguing that the court's imposition of 365 days of his previously suspended sentence is error "in light of the nature of the violation and the status of the offender." Appellant's Br. p. 4. Rule 7(B) review and revision of sentences, however, does not apply to sanctions imposed in probation revocation proceedings. *Prewitt*, 878 N.E.2d at 188 (whether court's sanction is inappropriate in light of nature of offense and character of offender "is not the correct standard to apply when reviewing a sentence imposed for a probation violation").

[14] At the time of disposition, Hostetler was only twenty years old. Yet at this relatively young age, he had already accumulated convictions of arson, battery with moderate bodily injury, and escape. He committed the battery while out on bond on the arson charge, and he committed the escape while on probation for the battery. Moreover, he claims his probation violation was minor and that he simply "was not where he was supposed to be." Appellant's Br. p. 10. However, he testified at his revocation hearing that he cut off his ankle bracelet and was missing from house arrest until he was apprehended the following afternoon.

[15] Hostetler has demonstrated his unwillingness to comply with the conditions of his probation and to take advantage of the opportunities for alternatives to

incarceration afforded him by the trial court.  Here, the trial court graciously ordered him to serve only a portion of his previously suspended sentence and closed out his probation early.  We find no error.

# Conclusion

[16] For the reasons stated, we conclude the trial court properly exercised its discretion in ordering Hostetler to serve a portion of his previously suspended sentence upon revocation of his probation in this matter.

[17] Affirmed.


Riley, J., and Kirsch, J., concur.