## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

John Chambers,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

June 21, 2019

Court of Appeals Case No.
18A-CR-2651

Appeal from the Greene Circuit Court

The Honorable Erik C. Allen, Judge

Trial Court Cause No.
28C01-1603-F5-10

**May, Judge.**

[1]     John Chambers appeals the trial court's order that he serve 500 days in the Department of Correction ("DOC") following revocation of his probation.

Instead, Chambers would like to finish the remainder of his sentence in home detention. Chambers argues the order is an abuse of discretion because the court failed to consider his alcohol addiction, chronic health issues, lack of criminal history, age, and low community-threat level. We affirm.

# Facts and Procedural History

[2] On March 22, 2016, the State charged Chambers with Level 5 felony burglary[1] and Class A misdemeanor theft[2] for stealing a stereo from his neighbor's garage. On July 13, 2016, the State and Chambers executed a plea agreement pursuant to which Chambers would plead guilty to burglary and his executed sentence would not exceed two years. In return, the State agreed to dismiss Chambers' theft charge and to not make a recommendation as to sentencing.

[3] On October 4, 2016, the trial court sentenced Chambers to three years with two years suspended to probation. Chambers was to serve 120 days in jail and the remainder of his executed year on home detention. On December 28, 2016, Chambers entered the Green County Community Corrections Electronic Monitored Home Detention Program which required him to: (1) pay home detention fees; (2) travel in the most direct route without stops or side trips; and (3) not disturb the electronic monitoring device in any way, shape, or form.

---

[1] Ind. Code § 35-43-2-1 (2014).

[2] Ind. Code § 35-43-4-2 (2014).

[4]     Chambers failed to comply with the terms and conditions of his home detention. On May 5, 2017, Chambers stopped by a friend's house without permission. On May 7, 2017, and May 11, 2017, Chambers' monitor registered "Low Skin Resistance" which generally indicates something had been placed between his ankle and the Transdermal Alcohol Detection (TAD) sensor interfering with the ability of the TAD unit to detect alcohol. (Appellant's App. Vol. II at 245.) As of May 16, 2017, Chambers had failed to keep current in paying fees associated with the Home Detention Program. Thus, the trial court revoked his placement and ordered that he serve the remainder of his executed term in the DOC.

[5]     On June 21, 2017, Chambers was released from the DOC and placed onto supervised probation on the condition that he refrain from the use, possession, or transportation of any alcoholic beverages and any controlled substances unless legally prescribed by a duly licensed physician. On August 1, 2017, Chambers tested positive for methamphetamine. On September 11, 2017, Chambers tested positive for alcohol. On October 13, 2017, Chambers tested positive for marijuana. On November 22, 2017, Chambers tested positive for Buprenorphine and alcohol. On November 29, 2017, Chambers tested positive for Buprenorphine. The State filed a petition to revoke probation on December 11, 2017. On April 4, 2018, the court revoked 100 days of Chambers' previously suspended sentence and ordered those days be served in the DOC.

On June 9, 2018, Chambers was released from DOC a second time and placed on probation. The Court imposed a number of conditions on Chambers, including:

    a. You shall report to the Probation Department as directed.
    b. You shall refrain from the use, possession, or transportation of any controlled substances unless legally prescribed by a duly licensed physician, and you shall use the controlled substance in a manner consistent with the prescription.
    c. You shall refrain from the use, possession, or transportation of any alcoholic beverages.

(Appellant's App. Vol. III at 32.) On June 26, 2018, and July 2, 2018, Chambers tested positive for Benzodiazepines and alcohol. On July 23, 2018, Chambers failed to report to the Probation Department as directed. The State again petitioned for revocation of probation. On October 3, 2018, the court determined Chambers violated probation. On October 17, 2018, the court ordered Chambers to serve 500 days in the DOC.[3]

# Discussion and Decision

Chambers asserts the trial court abused its discretion in sentencing him to the DOC. Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)

---

[3] The trial court indicated that 630 days remained on Chambers' suspended sentence, but Chambers' probation was to be terminated as unsuccessful after 500 days in the DOC. The court ordered that his sentence would be complete when he was released from the DOC.

(citing *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)), *trans. denied*. A court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing if the court finds the person has violated a condition at any time before termination of that probationary period. Ind. Code § 35-38-2-3(h).

[8]     The conditions for probation and whether to revoke probation when those conditions are violated are left to the discretion of the trial court. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review probation violation determinations and sanctions for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). "We will second-guess the fact-finding court only when it responds to that factual context in an unreasonable manner." *Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001).

[9]     Chambers argues his executed sentence in the DOC is unreasonable because it fails to consider his alcohol addiction, his chronic health issues, his lack of criminal history, his age, and the low threat he poses to the community. Chambers suggests we remand for the trial court to sentence him to a community-based placement because he is a nonviolent offender.

[10] However, Chambers' initial sentence was lenient in light of all of those conditions. (Tr. Vol. II at 43) (Judge stated, "I think [your sentence] is fairly lenient considering what sentence could be imposed and is fair under the circumstances"). Chambers spent only 120 days in jail and could have served the rest of his executed sentence on home detention if he had complied with the terms and conditions. Instead, Chambers breached the terms and conditions of his community placement.

For Chambers' second violation, the court revoked only 100 days of the suspended sentence for him to serve in the DOC and, afterwards, placed him in supervised probation. However, Chambers once again breached the terms and conditions of his community placement, leading the trial court to finally order him to serve 500 days in the DOC.

We cannot say that the trial court's decision is clearly against the logic and effect of the facts and circumstances.[4] Chambers took advantage of the court's leniency multiple times, and it is evident that—despite his alcohol addiction, his chronic health issues, his lack of criminal history, his age, and his low community-threat level—Chambers has a disregard for the law and the

---

[4] Chambers claims the trial court abused its discretion because it failed to consider Indiana Code section 35-32-1-1, which instructs courts to construe the criminal code in accordance with its general purposes, to "reduce crime by promoting the use of evidence based best practices for rehabilitation of offenders in a community setting" and "keep dangerous offenders in prison by avoiding the use of scarce prison space for nonviolent offenders . . . ." (2014). However, the facts of this case demonstrate the trial court repeatedly attempted to keep Chambers in a community setting, but Chambers repeatedly violated the terms of those community settings, such that the trial court ran out of placement options aside from the DOC.

restrictions placed on him in community placement. Thus, we cannot say the trial court's decision was an abuse of discretion. *See Hill v. State*, 28 N.E.3d 348, 351 (Ind. Ct. App. 2015) (holding no abuse of discretion in returning probationer to DOC even though probationer had a mental disability, because probationer repeatedly violated conditions of probation).

# Conclusion

[11] The trial court did not abuse its discretion when it ordered Chambers to serve 500 days in the DOC. Accordingly, we affirm.

[12] Affirmed.

Mathias, J., and Brown, J., concur.