## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2019, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Josh McBride,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 26, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1223<br><br>Appeal from the Dubois Circuit<br>Court<br><br>The Honorable Mark R.<br>McConnell, Special Judge<br><br>Trial Court Cause No.<br>19C01-1603-F5-192 |

**Pyle, Judge.**

# Statement of the Case

[1] Josh McBride ("McBride") appeals the one-year sanction imposed by the trial court following the revocation of his probation. Concluding that the trial court did not abuse its discretion, we affirm the sanction imposed by the trial court.

[2] We affirm.

# Issue

Whether the trial court abused its discretion by imposing a one-year probation violation sanction.

# Facts

[3] Following a bench trial in December 2017, McBride was convicted of Level 5 felony intimidation and sentenced to four (4) years in the Indiana Department of Correction, with one (1) year to be served on adult day reporting and three (3) years suspended to supervised probation. As a condition of his probation, the trial court ordered that McBride "must not commit another criminal offense while on probation and shall notify the Probation Department immediately if [he is] arrested or [has] a criminal charge filed against [him]." (App. Vol. 3 at 230).

[4] Almost one year later, in November 2018, Karena Vonderheide ("Vonderheide"), McBride's longtime girlfriend, filed a request for a protective order against McBride. The trial court granted Vonderheide an ex parte protective order, which prohibited McBride from having any contact or

communication with Vonderheide for two years. After McBride was served with the protective order, he sent Vonderheide several messages via Facebook Messenger. The messages discussed various subjects such as the parties' children, McBride's work, and his desire to obtain his belongings from Vonderheide's residence.

[5]     In December 2018, the Dubois County probation department filed a petition to revoke McBride's probation, alleging that he had committed a new crime. In March 2019, the trial court held an evidentiary hearing on the petition to revoke probation. During this hearing, the State argued that McBride had violated probation by sending messages via Facebook Messenger to Vonderheide in violation of the protective order. Conversely, McBride argued that "not one message was sent to Karena Vonderheide at all." (Tr. 70). Thereafter, the trial court found that McBride had violated his probation by committing the crime of invasion of privacy.

[6]     At the ensuing disposition hearing, McBride's probation officer testified that McBride had "some delusional problems" and that it was established that he had "some type of mental disorder." (Tr. 85). McBride then testified that he had been taking steps to address his mental health issues. Specifically, he indicated that he was voluntarily seeing a psychologist every two weeks. He further stated that his doctor had provided him with medication and that the "medication helps." (Tr. 89). The trial court revoked McBride's probation and ordered him to serve one-year in the Dubois County Security Center. McBride now appeals.

# Decision

[7] McBride challenges only the one-year sanction imposed by the trial court for his probation violation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* After the trial court has determined that a probationer has violated probation, the trial court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

IND. CODE § 35-38-2-3(h). This court has held that a trial court is not required to balance "aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014) (citation omitted), *trans. denied.* We review a trial court's decision regarding the sanction for an abuse of discretion. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] McBride does not challenge the determination that he violated the terms of his probation. Rather, his only argument on appeal is that the trial court abused its

discretion by "not tak[ing] the mitigating effect of [his] mental illness into account[]" when revoking his probation. (McBride's Br. 9). McBride relies on *Patterson v. State*, 659 N.E.2d 220 (Ind. Ct. App. 1995) to support his assertion. In *Patterson*, the probationer presented evidence at the probation revocation hearing that suggested that he was mentally ill at the time he had committed the underlying crime on which his probation revocation was based. *Id*. at 222. The petitioner claimed that because he could not have possessed the requisite culpability to commit the underlying crime which formed the basis for revocation, his probation could not be revoked due to the commission of the underlying crime. *Id*. Our court held that "[t]he probationer's mental state at the time and under the circumstances of the alleged violation is a factor to be considered" and that "at a minimum, a probationer's mental state must be considered in the dispositional determination of the probation revocation proceeding." *Id*. at 222-23.

[9] McBride's reliance on *Patterson* is somewhat misplaced. The probationer in *Patterson* alleged that his mental illness prevented him from forming the requisite intent to commit the crime that was the basis for his probation revocation allegation. Thus, it was the probationer's mental state "at the time and under the circumstances of the alleged violation" that was to be considered. *Id*. at 222. Here, McBride did not argue during the revocation hearing that his mental health issues impaired his culpability to commit the underlying crime that formed the basis for revocation. While McBride's mental health was discussed during the disposition hearing, it was well within the prerogative of

the court to determine that, under the circumstances of this particular case, McBride's alleged mental condition did not excuse or mitigate the probation violation. *Id*. at 223. Based on the foregoing, we conclude that the trial court did not abuse its discretion when it ordered McBride to serve one year of his previously suspended sentence.

[10] Affirmed.

May, J., and Crone, J., concur.